STATE, EX REL. EARL J. HADSELL, APPELLANT, V. FREDERICK
A. PUTNAM ET AL., APPELLEES.

FILED NOVEMBER 1, 1919. No. 21033.

Mandamus: SCHOOLS: JUDGMENT FOR DAMAGES. Current wages earned
by a school-teacher should be paid by warrant on the teachers'
fund. But a judgment for damages for breach of contract pre-
venting the plaintiff from earning wages in the former year
must be collected by special levy. Mandamus will not lie to com-
pel the issuance of a warrant upon the current funds of a
school district to pay such judgment.

APPEAL from the district court for Boyd county:
ROBERT R. DICKSON, JUDGE. *Affirmed.*

*Burkett, Wilson & Brown,* for appellant.

*F. A. Putnam, C. M. Ball, Jr.,* and *J. N. Fuller, contra.*

ALDRICH, J.

Plaintiff was employed by the defendant school dis-
trict as superintendent of its schools. The district hav-
ing refused to pay him, he began an action against the
district and recovered a judgment, and he is now a regu-
lar judgment creditor of the district. This action in
mandamus was commenced by him to compel the board
of education of defendant district to issue a warrant on
the general fund of the district in satisfaction of his
judgment. Defendant demurred to his petition and it
was sustained, and plaintiff appealed.

The law of this state is that a teachers' fund con-
stitutes what is known as a "continuing fund," and
teachers' wages become a charge upon this fund, wheth-
er there is any money in the treasury or not. *State v.
Gardner,* 79 Neb. 101. But section 6464, Rev. St. 1913,
provides:

"Whenever any judgment shall be obtained in any
court of competent jurisdiction in this state for the
payment of a sum of money against any county, town-

ship, school district, road district, town or city board of education, or against any municipal corporation, or when any such judgment has been recovered and now remains unpaid, it shall be the duty of the county board, school district board of education, city council or other corporate officers, as the case may require, to make provisions for the prompt payment of the same.''

Section 6465 provides: ''If the amount of revenue derived from taxes levied and collected for ordinary purposes shall be insufficient to meet and pay the current expenses for the year in which the levy is made, and also to pay the judgment remaining unpaid, it shall be the duty of the proper officers of the corporation, against which any such judgments shall have been obtained and remain unsatisfied, to at once proceed and levy and collect a sufficient amount of money to pay off and discharge such judgments.''

The tax is to be levied and collected ''in the same manner and at the same time provided by law for the collection of other taxes.'' Section 6466. The statute distinguishes between ''current expenses'' and ''the special tax herein provided for, for the payment of judgments.''

Section 6468 provides for mandamus to compel the officers ''to so levy and collect the tax necessary to pay off such judgment * * * after request made by the owner or any person having an interest therein, * * * he or they having such interest may apply to the district court of the county in which the judgment is obtained, or to the judge thereof in vacation, for a writ of mandamus to compel the proper officers to proceed to collect the necessary amount of money to pay off such indebtedness, as provided in this article, * * * and the proceedings to be had in the premises shall conform to the rules and practice of the court, and the laws in such cases made and provided.''

These statutory provisions make it plain as to how judgments against a school district may be collected; especially is this true when such judgment is for damages for refusing to allow the plaintiff to earn wages as a school-teacher, as in this case.

Current wages earned by a school-teacher should be paid by warrant on the teachers' fund, as was held in *State v. Gardner*, 79 Neb. 101. But a judgment for damages for breach of contract preventing the plaintiff from earning wages in a former year, must be collected by special levy, as is clearly provided in the statutes above quoted. The district court was right in refusing to compel the payment of this judgment by warrant on the current teachers' fund.

AFFIRMED.